UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

VISIONS EAST, INC., *et al.*

    Plaintiffs,

vs.

FAGERDALA THIGER MARINE
SYSTEMS, AB, *et al.*

    Defendants.
_____/

Civil Action No. 05-CIV-61264
COOKE/BROWN

## NOTICE OF APPEAL

Plaintiffs, VISIONS EAST, INC. and JOHN STEPHEN MORTON, by and through their undersigned attorneys, hereby file this Notice of Appeal and state:

1. Plaintiffs hereby appeal to the United States Court of Appeals for the Eleventh Circuit the Order Denying Plaintiffs' Motion For Preliminary Injunction, Granting Defendants' Motion To Stay Proceedings And Compel Arbitration, and Denying All Pending Motions As Moot entered by the United States District Court for the Southern District of Florida on September 8, 2005.

2. A true copy of the Order appealed from is attached hereto as Exhibit 1.

DATED this 6th day of October, 2005

          Respectfully Submitted,

          BEUSSE, BROWNLEE, WOLTER,
             MORA, & MAIRE, P.A.
          390 N. Orange Avenue
          Suite 2500
          Orlando, Florida 32801
          Telephone:  (407) 926-7700
          Facsimile:  (407) 926-7720
          Attorneys for Plaintiff

By: _____
     JACKSON O. BROWNLEE
     Florida Bar No.: 0009581
     DANIEL N. BRODERSEN
     Florida Bar No.: 0664197

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via United States mail this 6th day of October, 2005 to: Leonard K. Samuels, Esquire, Berger Singerman, P.A., 350 East Las Olas Blvd., Suite 1000, Fort Lauderdale, FL 33301, Philip E. Ward, Esquire, 401 East Las Olas Blvd., Suite 1710, Fort Lauderdale, FL 33301 and Holiday Russell, Esquire, Holiday Hunt Russell, Chartered, 2040 Polk Street, Hollywood, FL 33020, Peter M. Commette, Esquire, Peter M. Commette, P.A., 1323 S.E. Third Avenue, Fort Lauderdale, FL 33316.

_____
Attorney

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 05-CIV-61264-COOKE/BROWN

VISIONS EAST, INC.,
a Florida corporation, and
JOHN STEPHEN MORTON,

  *Plaintiffs,*

vs.

FAGERDALA THIGER MARINE SYSTEMS, AB,
a Swedish corporation, *et al.*,

  *Defendants.*

_____/

FILED by ___ D.C.
MGC
SEP - 8 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION AND DENYING ALL PENDING MOTIONS AS MOOT

**THIS CAUSE** came before the Court upon Plaintiffs' Motion for Preliminary Injunction [D.E. 2], filed July 29, 2005, the Defendant Master Automation Group, OY's ("MAG") Motion to Stay and Compel Arbitration [D.E. 31], filed August 18, 2005 and Defendants Fagerdala Thiger Marine Systems, AB, Fagerdala World Foam, AB, Fagerdala USA, Inc., and Pierre Thiger's Motion to Stay Proceedings and Compel Arbitration [D.E. 65], filed August 24, 2005. The Court having reviewed the motions and having heard testimony from the parties at the hearing held before the Court on September 6, 2005, it is hereby,

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Preliminary Injunction is **DENIED**

It is further,

Page 1 of 5

**EXHIBIT 1**

**ORDERED AND ADJUDGED** that the Defendants' respective Motions to Stay Proceedings and Compel Arbitration are **GRANTED**. All proceedings in this action are stayed pending arbitration. Within thirty (30) days of the entry of this Order, and every sixty (60) day period thereafter, the parties shall file a joint status report, setting forth the status of the arbitration proceedings. Any such report may be filed by one (1) party with the consent of the other party.

It is further,

**ORDERED AND ADJUDGED** that All Pending motions are **DENIED AS MOOT**

### Motion for Preliminary Injunction

After the Court heard argument from counsel and testimony from the John Morton, Plaintiff and owner of Co-Plaintiff, Visions East, Inc., it is the Court's finding that the Plaintiffs failed to demonstrate irreparable harm, which precludes the entry of a preliminary injunction against the Defendants.

The Court must grant or deny a preliminary injunction based on an assessment of the following factors: the likelihood of success; (2) irreparable harm if the injunction is not granted; (3) the balance of the hardships between the parties; and (4) the public interest. *See Int'l Cosmetics Exchange, Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1246 (11th Cir. 2002). This Circuit has also stated that " '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites.' " *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000)(quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

The Eleventh Circuit has further stated that irreparable harm or injury is " ' the sin qua

tion of injunctive relief.'" *Id.* (quoting *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). Where the Court does not find a likelihood of irreparable injury, preliminary injunctive relief is improper. *See id.* In order to qualify as irreparable, harm or injury must be "actual or imminent." *Id.* In determining whether harm is irreparable, courts consider, as one factor, the delay of the movant in seeking relief. *See e.g., Badillo v. Playboy Entertainment Group, Inc.*, 2004 WL 1013372, at *2 (M.D. Fla. 2004). "Delay, or too much of it, indicates that a suit or request for injunctive relief is more about gaining an advantage (either a commercial or litigation advantage) than protecting a party from irreparable harm." *Id.*

The testimony of Mr. Morton demonstrated that as early as April 2004, a dispute arose between MAG and Visions East over MAG's solicitation to a potential customer, Oy Nautor Ab. Approximately one (1) month later, Visions East's European counsel threatened injunctive relief against MAG because of its solicitation of this potential customer. Throughout 2004, Visions East's counsel threatened either an injunction or other legal action against MAG, but never took any action against MAG until the Complaint and instant motion were filed on July 29, 2005, some sixteen (16) months later. Mr. Morton's reason for this delay is that Visions East was attempting to close a deal for its VEbot. The Plaintiffs' own admissions belie any such irreparable harm. Clearly the harm alleged was not "actual and imminent." Commercial needs, not irreparable harm to the company, were paramount to Visions East during this time.

It is also not lost on the Court that during this period, Defendant Linna, who worked as an unpaid consultant to Visions East, and is the person alleged to given "trade secrets" to his Co-Defendants, was never fired for allegedly divulging "trade secrets." Likewise, Mr. Thiger, also a

Page 3 of 5

Co-Defendant, and a member of Visions East's Board of Directors, was allowed to remain as a member of the Board of Directors even though the Plaintiffs maintain that he is also a member of the alleged conspiracy. No such irreparable harm can be found when the Plaintiffs failed to take any action to protect Visions East's interest.

Moreover, the trade secrets the Plaintiffs maintain are confidential, are not confidential. During testimony it was revealed that Visions East has only one customer.[1] The customer lists and vendor lists that the Plaintiffs maintain are confidential, are merely lists of the largest boat and yacht manufacturers. All of the names of these companies are readily available in trade publications. This information is not confidential and cannot be classified as trade secrets or a legally protectable interest. Simply put, the Plaintiffs failed to prove that there exists information that is entitled to the protection afforded by granting a motion for preliminary injunction. Accordingly, the Court concludes that the Plaintiffs have failed to show a likelihood of irreparable injury.

### *Motion to Stay Proceedings and Compel Arbitration*

The Federal Arbitration Act ("FAA") provides that a "written provision in any . . . contract . . . to settle by arbitration" any future controversy arising out of such contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. The FAA was designed "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place [them] on the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The FAA

---

[1] It is Mr. Morton's position that any entity or individual that Visions East has contacted about the VEbot system, is a customer, whether or not they purchase a system. The Court disagrees with this definition.

embodies a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Any doubts with respect to arbitrability therefore should be resolved in favoring arbitration. *Id.*

With that said, a party can be compelled to arbitrate only those matters that the parties have agreed to arbitrate. *First Options of Chicago Inc v. Kaplan*, 514 U.S. 938 (1995); *Brandon, Jones, Andall, Zeide, Kohn, Chalal & Musso, P.A. v. Medpartners, Inc.*, 312 F.3d 1349, 1357 (11th Cir. 2002).

The Court having heard the testimony of the Mr. Morton regarding procurement of the arbitration clauses in both the shareholder's agreement and the agreement with MAG and having reviewed the relevant arbitration clauses and the claims in the Plaintiffs' complaint finds that the parties must arbitrate these claims, as per the terms of their respective agreements.

DONE AND ORDERED in chambers in Miami, Florida this ___ day of September, 2005.

THE HONORABLE MARCIA G. COOKE
UNITED STATES DISTRICT COURT JUDGE

cc:

*All Counsel of Record*

The Honorable Magistrate Judge Stephen T. Brown